STEWART *v.* STEWART.

DIVORCE—GROUNDS—NONSUPPORT—EVIDENCE.

On bill for a divorce on the grounds of nonsupport (section 8622, 3 Comp. Laws), it appeared that defendant was possessed of no property and was dependent on his daily earnings for the support of himself and wife. *Held,* that the evidence did not warrant a finding that he was of sufficient ability to provide a suitable maintenance or that he grossly, wantonly, and cruelly refused so to do.

Appeal from Wayne; Rohnert, J. Submitted January 6, 1909. (Docket No. 11.) Decided February 2, 1909.

Bill by Ada Stewart against Frank M. Stewart for a divorce. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Trevor & Bumps,* for complainant.

*Walter E. Martin,* for defendant.

GRANT, J. Complainant seeks a divorce from the defendant on the statutory ground of failure to support. The bill states that the parties were married on May 31, 1888. This bill was filed February 12, 1908. She alleges in her bill that she has depended entirely for her support upon the bounty of her friends and relatives, and especially the charity of her parents, who are now very aged, and dependent upon their savings of the past; that defendant refuses to do any work and earn any wages, and that she had been obliged to save and beg from her parents. The defendant answered, denying the material allegations of the bill. She testified that her husband had not supported her for the last three years; that he had not given her a cent during the last four years; that he was a printer

by trade; that he kept a shoe store for a while; that he sold that business out and went away; that he failed in the shoe business; that he told her he had been making $15 a day selling birds, but that he gave her nothing; and that his health today is as good as when she married him. For 22 years he worked as a printer, earning $3 per day. He testified that for the last 18 years of the 26 he worked as a printer for the Cadillac Printing Company, that his boss then died, and he lost his employment. She admitted that he gave her part of his wages, but not the bulk of them. He testified that he gave her all his wages except his car fare and tobacco money. She admitted that she owned property from which she received $54 per month. She complained of no unkind treatment and found no fault with him, except that he did not support her. She had wanted for nothing for the past three years, because her mother and brother gave her all she wanted. Aside from the complainant, two witnesses were sworn for her. It appeared in her testimony that they had previously been divorced and afterwards they were remarried. When or for what cause that divorce was obtained or upon whose complaint does not appear. The defendant testified that he had never refused to support her; that after his failure in the shoe business he tried to sell silverware, cigars, and other such things, at which he was not successful, and that when he went away to Oklahoma, and engaged in selling birds, he wrote her once a week and received no reply; that he had offered her money in small sums, but she refused to take it.

Complainant's mother was a witness for complainant. Her testimony is confined to the three years previous to the hearing. She testified only that he did not work.

" He works in the store, that is all. He had the store, and she worked in the store. My son gave him the money to go into business. He sold out and goes away to Oklahoma."

On cross-examination she also testified that he said he would not work.

One Mrs. Gereau, sworn for complainant, testified to only this: That she heard complainant ask her husband why he did not work. He replied that he was not able; that he was doing the best he could. The above testimony of these two witnesses is all, outside of her own, that complainant offered to sustain her complaint.

The father of complainant was called as a witness for defendant, and testified that he did not support complainant, but that his son supported her. He was asked:

"He [Mr. Stewart] is a hard-working man?

"*A.* He is, if he has business, but he lost his business.

"*Q.* Was he a steady man?

"*A.* Oh, all men are not steady. They like to work a couple of years, and then take a rest. He works, and then he goes away and you give him $100, and he goes.

"*Q.* Was he a drinking man?

"*A.* No, sir; he was not.

"*Q.* He was a pretty good fellow?

"*A.* Oh, I feel sorry for him. I think he is not a business man. He is a man for work, but not for business. He loses money in business. We are not all for business. Some of us cannot do business.

"*Q.* You know that he has tried hard enough?

"*A.* Sure, he worked. He tried to work for three years when he was in that store. She says to him to bring things home, but he brings not home a cent, except he would bring home so much for his board. I would not be sure about it if he would do that."

Of the other two witnesses sworn for the defendant, one testified that he was a steady, hard-working man. The other testified to nothing important.

The defendant was possessed of no property. He was a laboring man, and had only what he earned to support himself and wife. The statute authorizes a decree of divorce " when the husband, being of sufficient ability to provide a suitable maintenance for her, shall grossly or wantonly and cruelly refuse or neglect so to do." 3 Comp. Laws, § 8622.

The evidence in my judgment does not justify a finding that the defendant is of sufficient ability to support his

wife, and that he has grossly, wantonly, and cruelly neglected to do so.

I think the decree should be reversed, and the bill dismissed.

BLAIR, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.